**James MacDONALD, Petitioner–Appellant,**

v.

**Robert J. HERNANDEZ, Warden, Respondent–Appellee.**

**No. 05–55353.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

James MacDonald, San Diego, CA, pro se.

Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

California state prisoner James MacDonald appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging the denial of parole. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Sass v. California Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

Despite MacDonald's contentions to the contrary, there is some evidence in the record supporting the parole board's denial of parole. *See Sass,* 461 F.3d at 1128–29 (holding that there is no due process violation if there is some evidence in the record that could support disciplinary board's conclusion). MacDonald was not entitled to an evidentiary hearing in the district court as he claims, because it would not have changed the outcome. *See Williams v. Taylor,* 529 U.S. 420, 432–33, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). We agree with the district court's conclusion that the state court's decision was neither contrary to, nor involved an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d); *Sass,* 461 F.3d at 1129.

We decline to address MacDonald's unexhausted challenge to a subsequent gubernatorial finding that he continues to be unsuitable for parole. *See* Fed.R.Civ.P. 15(c); *see also* 28 U.S.C. § 2254(b); *In re*

*Rosenkrantz,* 29 Cal.4th 616, 128 Cal. Rptr.2d 104, 59 P.3d 174, 183 (2002) (holding that Governor's reversal of parole grant is subject to state judicial review).

### AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.